Filed 1/21/15  McMullen v. Bazan CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIE MC MULLEN, | B255747 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC069417) |
| v. | |
| JOHN F. BAZAN, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ramona G. See, Judge.  Affirmed.

Willie Mc Mullen, in pro. per., for Plaintiff and Appellant.

John F. Bazan, in pro. per., for Defendant and Respondent.

Plaintiff Willie McMullen appeals from an order granting a special motion to strike (Code Civ. Proc., § 425.16)[1] filed by defendant John Bazan. McMullen was a tenant residing in a house in the City of Inglewood at the time of its sale in August 2013 to Norma Sedeno. McMullen remained in possession after the close of escrow. Bazan was Sedeno's attorney. McMullen alleges that Bazan and others committed mortgage fraud in connection with the sale and later made misrepresentations in an unlawful detainer action in an effort to gain access to the property so as to cover up the mortgage fraud.

McMullen contends: (1) his complaint does not arise from protected activity under the anti-SLAPP statute; (2) Bazan failed to comply with procedural rules in filing the special motion to strike; (3) the trial court erred by denying his first request for judicial notice and by failing to rule on his second request for judicial notice; and (4) the court was biased against him and denied him a fair hearing. We find no prejudicial error and affirm the order.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Factual Background*

McMullen resided as a tenant in a house located at 10248 South Sixth Avenue in Inglewood beginning in February 2009. The owner at the time, Angelia Steward, allowed him to alter the garage for use as an office.

Steward entered into an agreement to sell the property to Sedeno. Gloria Alvarez acted as Sedeno's real estate agent in the transaction. Stephanie Dillard acted as a loan officer employed by South Pacific Financial Corporation (SPFC).

Steward informed McMullen that certain repairs must be completed before the close of escrow on August 9, 2013, as a condition of loan funding. McMullen agreed to allow workers access to the property to make some repairs, but refused to allow them to

---

[1] A special motion to strike is commonly known as an anti-SLAPP motion. SLAPP is an acronym for Strategic Lawsuit Against Public Participation. All further statutory references are to the Code of Civil Procedure unless stated otherwise.

2

repair the garage. Workers completed some of the repairs to the property before the close of escrow, but failed to complete the garage repairs by that date.

Bazan sent McMullen an e-mail message on August 11, 2013, stating that a notice of entry had been served the day before and that the new owner needed access to the garage the following day. Sedeno, her husband, and Gloria Alvarez visited the property on August 12, 2013, demanding access. McMullen refused and called 9-1-1. Bazan, as the landlord's agent, served McMullen with a three-day notice to pay or quit later that day stating that $9,000 in past rent was due and owing.

McMullen met with Bazan on August 13, 2013, to discuss Sedeno's proposed ex parte application seeking access to the property. Bazan told McMullen that entry was necessary to correct code violations. Apparently, the matter was not resolved during their meeting. As a result, Bazan, as counsel for Sedeno, filed an ex parte application and an unlawful detainer complaint on August 15, 2013. The trial court denied the ex parte application on August 15, 2013. Bazan later voluntarily dismissed the unlawful detainer complaint at Sedeno's request.

The water service to the property, which was still in Steward's name, was shut off on August 26, 2013. The water service was not restored until four days later. McMullen filed a small claims complaint against Sedeno on September 3, 2013, based on the water service interruption. The court ruled in McMullen's favor on October 4, 2013.

Sedeno, in propria persona, filed a second unlawful detainer complaint against McMullen on September 19, 2013.

2.    *Complaint*

McMullen filed this lawsuit on November 6, 2013, against Mega Real Estate Consultants, Inc. (MREC), SPFC, Dillard, Bazan, Gloria Alvarez, Victor Hugo Alvarez, and Wells Fargo Bank Northwest, N.A. He alleges causes of action for (1) fraudulent home mortgage underwriting practices (Fin. Code, § 50204); (2) civil conspiracy; (3) breach of implied warranty of quiet enjoyment; (4) fraud; (5) abuse of process; and

3

(6) intentional infliction of emotional distress.[2]  Each cause of action incorporates the allegations of the prior causes of action.

McMullen alleges in his first cause of action for fraudulent home mortgage underwriting practices that the defendants falsely represented that certain repairs and alterations required by the lender as a condition of funding the purchase loan were completed before the close of escrow.

McMullen alleges in his second cause of action for civil conspiracy that the defendants conspired together to complete the sale and, after the close of escrow, conspired to gain access to the property and conceal the evidence of their fraud by completing the repairs and alterations that they had falsely represented were completed before the close of escrow.  He alleges that Bazan represented both Sedeno and MREC in the transaction and that Bazan and Sedeno filed a groundless unlawful detainer complaint against him and an ex parte application for entry in furtherance of the conspiracy.  He also alleges that the defendants delayed the restoration of water service to the property in an attempt to cause him to vacate the property.

McMullen alleges in his third cause of action for breach of implied warranty of quiet enjoyment that the defendants interfered with his quiet enjoyment of the property after the close of escrow by serving a notice to enter on August 11, 2013, falsely stating that repairs to the garage were "necessary or agreed;" visiting the property on August 12, 2013, demanding entrance to the garage; posting a three-day notice to pay or quit on his door on August 12, 2013, falsely stating that $9,000 in rent was due to Sedeno; filing an unlawful detainer complaint, which was later voluntarily dismissed, and an unsuccessful ex parte application for entry to remove a fire hazard on August 15, 2013; failing to restore water service to the property for four days after it was shut off

---

[2]  McMullen expressly alleges the first, second, fifth, and sixth causes of action against all defendants, but he fails to specifically identify all of the defendants against whom the third and fourth causes of action are directed (see Cal. Rules of Court, rule 2.112).  All further rule references as to the California Rules of Court unless stated otherwise.

4

on August 26, 2013; and filing a groundless unlawful detainer complaint on September 19, 2013, which was adjudicated in his favor on October 4, 2013.

McMullen alleges in his fourth cause of action for fraud that Bazan concealed the fact that he was a broker with MREC and had a financial interest in the sale of the property, and that Bazan and Sedeno misrepresented to McMullen and the trial court that he sought access to the garage "for property insurance reasons" and to comply with a code enforcement order by the City of Inglewood, when the real reason was to cover up the mortgage fraud by completing the repairs before the fraud was detected. He also alleges that Bazan "misrepresented himself before the Santa Monica Superior Court in association with [Sedeno's] ex-parte application" and suborned Sedeno's perjury by preparing her declaration.

McMullen alleges in his fifth cause of action for abuse of process that Bazan committed an abuse of process by serving a false three-day notice to pay or quit on August 12, 2013; filing a groundless unlawful detainer complaint and ex parte application on August 15, 2013, for the purpose of gaining access to the garage so as to cover up the mortgage fraud; and failing to comply with Civil Code section 1962.

Finally, McMullen alleges in his sixth cause of action for intentional infliction of emotional distress that the defendants' conduct was extreme and outrageous, that they acted with the specific intent to injure him, and that he suffered injury as a result.

3.    *Special Motion to Strike*

Bazan filed a special motion to strike the complaint in December 2013. He argued that all of the claims against him arose from his conduct as Sedeno's attorney in the first unlawful detainer litigation and that such conduct was protected activity under the anti-SLAPP statute. Bazan also argued that McMullen could not establish a probability of prevailing on his claims and that the litigation privilege precluded any liability based on the filing of a complaint. In support of his motion, Bazan filed his own declaration and  a request for judicial notice of the unlawful detainer complaint and the ex parte application for entry.

5

McMullen filed his opposition to the special motion to strike on February 7, 2014, only one court day before the scheduled hearing date of February 10, 2014. He argued that Bazan knew that the allegations in the unlawful detainer complaint and statements in the ex parte application for entry were false, so Bazan's conduct was illegal and was not protected activity under the anti-SLAPP statute. McMullen also argued that the litigation privilege was inapplicable, that Bazan failed to send the Judicial Council a copy of the motion's caption page as required by section 425.16, subdivision (j)(1), and that Bazan failed to comply with California Rules of Court, rules 3.1300(c) and 8.25. McMullen filed a declaration by his counsel at the time, Steven W. Burt, attaching Sedeno's interrogatory responses and the declarations page of her homeowner's insurance policy purportedly effective from July 24, 2013, to July 24, 2014. Burt declared that those documents showed that the purportedly false allegation that McMullen owed $9,000 in back rent was Bazan's concoction rather than Sedeno's and that the assertion that Sedeno was unable to obtain property insurance was false.

McMullen also filed on February 7, 2014, a request for judicial notice of the following matters: (1) section 425.16, subdivision (j)(1); (2) the fact that Bazan failed to comply with that statute; (3) rule 3.1300; (4) that fact that Bazan failed to comply with that rule; (5) rule 8.25(a)(1); (6) rule 8.25(a)(2); (7) the fact that Bazan failed to comply with rule 8.25(a)(1) and (2); (8 ) rule 3.1300(d); (9) the fact that Bazan's declaration was filed as part of his memorandum rather than as a separate document; and (10) the declarations page of Sedeno's homeowner's insurance policy.

On the scheduled hearing date of February 10, 2014, the trial court continued the hearing to March 17, 2014. Bazan filed a reply in support of the special motion to strike. Bazan also filed evidentiary objections to: (1) a statement in the Burt declaration that Sedeno did not provide Bazan with the purportedly false information contained in the first unlawful detainer complaint; (2) Sedeno's interrogatory responses attached to the Burt declaration; (3) the declarations page of her homeowner's insurance policy attached to the Burt declaration; and (4) a statement in the Burt declaration that McMullen filed his complaint "in response to a concerted effort of several parties to

6

fraudulently deprive him of the quiet enjoyment of his premises in [an] effort to cover up shortcomings in a real estate transaction in which all defendants were either involved and/or agents of the involved parties."[3]

McMullen filed a second request for judicial notice on March 14, 2014, seeking judicial notice of the following matters: (1) a quitclaim deed purportedly showing that Bazan and Dillard were married; (2) the fact that Bazan and Dillard were married; (3) the fact that statements in Bazan's declaration that he had no financial interest in the sale of the property were false because he was married to Dillard and had a community property interest in the transaction; (4) Family Code section 760; (5) rule 3-310(B) of the Rules of Professional Conduct; (6) Sedeno's first unlawful detainer complaint, filed on September 17, 2013; and (7) certain facts purportedly shown, alleged, or not alleged in Sedeno's first unlawful detainer complaint.

Bazan's special motion to strike was argued and submitted on March 17, 2014. In a minute order filed on March 27, 2014, the trial court granted the motion. The court stated that the service of an eviction notice and filing of an unlawful detainer complaint were protected activities under the anti-SLAPP statute and that McMullen failed to show that Bazan's conduct was illegal as a matter of law. The court also stated that McMullen failed to present admissible evidence establishing a probability of prevailing on the merits of the complaint. The court sustained Bazan's four evidentiary objections and granted Bazan's request for judicial notice. The court granted McMullen's first request for judicial notice as to items 1, 3, 5, 6, 8, and 9, and denied it as to items 2, 4, 7, and 10. The court did not expressly rule on McMullen's second request for judicial notice but stated, "To the extent that Plaintiff presented any new evidence at the time of the hearing which was not presented with his opposition, the Court disregards such evidence as inadmissible on several grounds."

---

[3]      We judicially notice Bazan's evidentiary objections filed on March 7, 2014. (Evid. Code, § 452, subd. (d).)

7

McMullen timely appealed the order granting the special motion to strike.[4]

## *CONTENTIONS*

McMullen contends: (1) his complaint does not arise from protected activity under the anti-SLAPP statute; (2) Bazan failed to comply with procedural rules in filing the special motion to strike; (3) the trial court erred by denying his first request for judicial notice and by failing to rule on his second request for judicial notice; and (4) the court was biased against him and denied him a fair hearing.

## *DISCUSSION*

1. *Special Motion to Strike*

A cause of action is subject to a special motion to strike if the defendant shows that it arises from an act in furtherance of the defendant's constitutional right of petition or free speech in connection with a public issue and the plaintiff fails to demonstrate a probability of prevailing on the claim. (§ 425.16, subd. (b)(1); *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) On appeal, we independently review both of these determinations. (*Hall v. Time Warner, Inc.* (2007) 153 Cal.App.4th 1337, 1345-1346.)

An " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' " is defined by statute to include "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection

---

[4] An order granting a special motion to strike is appealable. (Code Civ. Proc., §§ 904.1, subd. (a)(13); 425.16, subd. (i).)

8

with a public issue or an issue of public interest." (§ 425.16, subd. (e).) Courts refer to such an act in furtherance as "protected activity."

A cause of action "aris[es] from" protected activity within the meaning of the anti-SLAPP statute only if the defendant's act on which the cause of action is based was protected activity. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) Whether the "arising from" requirement is satisfied depends on the nature of the defendant's act on which the cause of action is based, regardless of the defendant's alleged motive in undertaking such activity. (*Hunter v. CBS Broadcasting Inc.* (2013) 221 Cal.App.4th 1510, 1520, 1523 (*Hunter*); *Tuszynska v. Cunningham* (2011) 199 Cal.App.4th 257, 269 (*Tuszynska*).) In deciding whether the "arising from" requirement is satisfied, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

A plaintiff establishes a probability of prevailing on the claim by showing that the complaint is legally sufficient and supported by a prima facie showing of facts that, if proved at trial, would support a judgment in the plaintiff's favor. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 713-714.) The court cannot weigh the evidence, but must determine as a matter of law whether the evidence is sufficient to support a judgment in the plaintiff's favor. (*Ibid.*) The defendant can defeat the plaintiff's evidentiary showing, however, by presenting evidence that establishes as a matter of law that the plaintiff cannot prevail. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute— i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

2. *McMullen's Complaint Arises from Protected Activity*

McMullen contends his complaint does not arise from protected activity because Bazan was not acting on behalf of his client Sedeno, but instead was acting in furtherance of a conspiracy for the benefit of his wife, Dillard, and to protect their

9

community property interest and MREC, and because Bazan's conduct was illegal. We disagree.

McMullen's allegations against Bazan all relate to his conduct in connection with prosecuting an unlawful detainer complaint and serving a prior three-day notice to quit. Prosecuting an unlawful detainer complaint and serving a prior notice are protected activities under the anti-SLAPP statute. (*Ulkarim v. Westfield LLC* (2014) 227 Cal.App.4th 1266, 1275.) We also conclude that McMullen's complaint arises from such protected activity regardless of Bazan's alleged motives for engaging in that conduct. (*Hunter*, *supra*, 221 Cal.App.4th at pp. 1520, 1523; *Tuszynska*, *supra*, 199 Cal.App.4th at p. 269.)

McMullen's argument regarding illegal conduct invokes the rule from *Flatley v. Mauro* (2006) 39 Cal.4th 299 (*Flatley*). The California Supreme Court in *Flatley* held that the anti-SLAPP statute does not protect speech or petitioning activity that is conclusively shown or conceded to be "illegal as a matter of law" and therefore not a valid exercise of the constitutional right of petition or free speech. (*Id.* at pp. 317, 320.) However, conduct is "illegal as a matter of law" for purposes of the rule from *Flatley*, *supra*, 39 Cal.4th 299, and therefore is not protected activity under the anti-SLAPP statute, only if the evidence presented on the motion conclusively establishes as a matter of law, or the defendant concedes, the illegality of the defendant's conduct on which the action in based.

Here, McMullen argues that Bazan failed to comply with Civil Code section 1962, subdivisions (b) and (c), requiring that certain information be provided to a tenant; violated rule 3-310(B) of the Rules of Professional Conduct by failing to disclose his conflict of interest to Sedeno; committed perjury by falsely stating in the ex parte application for entry filed on August 15, 2013, that Sedeno was unable to obtain homeowner's insurance because of illegal construction in the garage; suborned perjury by causing Sedeno to file a false declaration stating the same; committed perjury by alleging in the unlawful detainer complaint that McMullen owed $9,000 in past due

10

rent; and violated Code of Civil Procedure section 128.7, subdivision (b) by presenting false papers for filing.

A violation of Civil Code section 1962, rule 3-310(B) of the Rules of Professional Conduct, or Code of Civil Procedure section 128.7, subdivision (b), alone is not criminal conduct. Such alleged conduct therefore is not "illegal as a matter of law" under the rule from *Flatley*, *supra*, 39 Cal.4th 299.

Perjury and subornation of perjury, in contrast, are crimes. (Pen. Code, §§ 118, subd. (a), 127.) A person who, under oath or under penalty of perjury, willfully states as true any material matter that he or she knows to be false is guilty of perjury. (*Id.*, § 118, subd. (a).) "An unqualified statement of that which one does not know to be true is equivalent to a statement of that which one knows to be false." (*Id.*, § 125.) We conclude, however, that McMullen failed to conclusively establish as a matter of law that Bazan committed perjury or suborned perjury.

McMullen cites the declarations page of Sedeno's homeowner's insurance policy purportedly showing that the statements in the ex parte application for entry and unlawful detainer complaint that she was unable to obtain insurance were false. The trial court denied McMullen's request to take judicial notice of the declarations page, and McMullen has shown no error in that ruling, as discussed *post*. The court also sustained Bazan's evidentiary objections to the declarations page attached to the Burt declaration, and McMullen does not challenge that ruling on appeal. McMullen therefore cannot rely on the declarations page to establish either perjury or subornation of perjury. Regarding the allegation in the first unlawful detainer complaint that McMullen owed Sedeno $9,000 in past due rent, Bazan did not sign a verification of the complaint or state under oath or under penalty of perjury that the factual allegations in the complaint were true. As such, those allegations cannot establish a basis for perjury. (Pen. Code, § 118, subd. (a).)

Since McMullen does not contend he established a probability of prevailing on the merits, we do not discuss the second prong of the anti-SLAPP statute.

11

3. *McMullen Has Shown No Reversible Error Relating to Bazan's Failure to Comply with Procedural Rules*

McMullen contends the trial court should have denied the special motion to strike because Bazan failed to timely send the Judicial Council a copy of the caption page of the motion as required by section 425.16, subdivision (j)(1) and failed to attach a proof of service to the filed motion as required by California Rules of Court, rule 8.25(a)(2). A procedural error, however, cannot result in a reversal unless the error has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) An error is prejudicial and results in a miscarriage of justice only if the reviewing court concludes, based on its review of the entire record, that it is reasonably probable that the trial court would have reached a result more favorable to the appellant absent the error. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) Here, Bazan's purported noncompliance with section 425.16, subdivision (j)(1) and rule 8.25(a)(2) did not prejudice McMullen or result in a miscarriage of justice. Therefore, McMullen has not shown that the special motion to strike should have been denied.

4. *McMullen Has Shown No Reversible Error Relating to the Denial of his Requests for Judicial Notice*

a. *First Request for Judicial Notice*

McMullen contends items 2, 4, 7, and 10 in his first request for judicial notice were subject to mandatory judicial notice under Evidence Code section 451, subdivision (f) as "[f]acts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute." (*Ibid.*) The trial court expressly denied judicial notice of those items. We review the court's ruling for abuse of discretion. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264.)

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. [Citations.] This standard of review affords

12

considerable deference to the trial court provided that the court acted in accordance with the governing rules of law. We presume that the court properly applied the law and acted within its discretion unless the appellant affirmatively shows otherwise. [Citations.]" (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)

Evidence Code section 451, subdivision (f) encompasses only facts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute. (*Ibid.*; see Ass. Com. on Judiciary com., 29B West's Ann. Evid. Code (2011 ed.) foll. § 451, p. 100.) Bazan's purported failure to comply with procedural rules in this litigation would likely be known only to the parties to this litigation. As such, the trial court reasonably concluded that Bazan's purported failure to comply with procedural rules was not a fact of generalized knowledge, was not universally known, and therefore was not subject to judicial notice under Evidence Code section 451, subdivision (f). McMullen has shown no abuse of discretion.

Similarly, the existence of the declarations page of Sedeno's homeowner's insurance policy would likely be known only to Sedeno, her insurer, and a very limited number of other interested persons. Thus, the trial court reasonably concluded that the existence of the declarations page was not a fact of generalized knowledge, was not universally known, and therefore was not subject to judicial notice under Evidence Code section 451, subdivision (f). Once again, McMullen has shown no abuse of discretion.

            b.      *Second Request for Judicial Notice*

McMullen also contends the trial court failed to rule on his second request for judicial notice as required by Evidence Code section 456.[5] He filed the second request for judicial notice on Friday, March 14, 2014, which was only one court day before the hearing on Monday, March 17, 2014. The trial court did not expressly refer to the

---

[5]      "If the trial court denies a request to take judicial notice of any matter, the court shall at the earliest practicable time so advise the parties and indicate for the record that it has denied the request." (Evid. Code, § 456.)

13

second request for judicial notice in its minute order of March 27, 2014, ruling on the special motion to strike.

A trial court has the discretion to refuse to consider papers filed late. (Cal. Rules of Court, rule 3.1300(d).) "If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate." (*Ibid.*) The minute order here did not expressly state or imply that the court was exercising its discretion to refuse to consider the second request for judicial notice because it was untimely. We therefore conclude that the court did not refuse to consider the second request for judicial notice on this basis.

McMullen has not shown that the trial court's failure to rule on his second request for judicial notice prejudiced him in any way. He has not shown that he was entitled to judicial notice as requested or that it is likely that the failure to judicially notice the specified matters affected the ruling on the special motion to strike. McMullen argues in a conclusory manner that judicial notice was mandatory under Evidence Code section 451, but he fails to specify a particular basis for judicial notice under the statute and fails to explain why any of the matters listed in his request was subject to mandatory judicial notice. He therefore forfeits any argument that he was entitled to judicial notice. (*Valov v. Department of Motor Vehicles* (2005) 132 Cal.App.4th 1113, 1132; *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

In any event, we have reviewed the second request for judicial notice and conclude that of the items listed in the request only Family Code section 760 and rule 3-310(B) of the Rules of Professional Conduct were subject to mandatory judicial notice. (Evid. Code, § 451, subds. (a), (c).) However, McMullen has not shown a probability of prevailing on any of his claims based on Family Code section 760 and rule 3-310(B) of the Rules of Professional Conduct, or that the failure to judicially notice those provisions affected the ruling on the merits of the special motion to strike in any manner.

14

5.      *McMullen Has Shown No Judicial Bias*

Finally, McMullen contends the trial court's statements and rulings show that the judge was biased against him and in favor of Bazan.  He notes that the court denied his request to continue the hearing on the special motion to strike, but later continued the hearing and allowed Bazan more than the time allowed by statute to file his reply.  He also argues that the court showed bias by ignoring Bazan's failure to comply with section 425.16, subdivision (j)(1) and Cal. Rules of Court, rule 8.25(a)(1), and by rejecting case authority cited by McMullen on grounds not argued by Bazan.

Due process under the federal and state Constitutions ensures a fair hearing before an unbiased decision maker.  (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7; *Today's Fresh Start, Inc. v. Los Angeles County Office of Education* (2013) 57 Cal.4th 197, 212, 215.)  But adverse rulings alone do not establish judicial bias.  " '[A] trial court's numerous rulings against a party—even when erroneous—do not establish a charge of judicial bias, especially when they are subject to review.'  [Citation.]" (*People v. Fuiava* (2012) 53 Cal.4th 622, 732.)  Our review of the appellate record reveals no hint of judicial bias.

## *DISPOSITION*

The order is affirmed.  Bazan is entitled to costs on appeal.

## *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

LAVIN, J.[*]

WE CONCUR:

KITCHING, Acting P. J.

ALDRICH, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.